The Building Savings & Loan Association of Hawarden, Iowa, v. G. W. Froelich *et al.,* Appellants.

**Building and Loan Associations: BY-LAWS:** *Plea and Proof.* A borrowing member of a building and loan associations, who did not deny the existence of certain by-laws as alleged in a petition in a suit against him to foreclose a mortgage, but merely alleged that they were void because not adopted by persons having authority, etc., could not be heard to question their existence, in the absence of any proof to sustain his allegations.

**Usury:** *Burden of proof.* The burden is upon a borrowing member of a building and loan association to show his loan usurious.

*Appeal from Sioux District Court.*—Hon. F. R. Gaynor, Judge.

Friday, January 19 1900.

Suit in equity to foreclose a mortgage and to cancel certain shares of stock held by the defendants in the plain-

tiff association. Defense, usury. Decree for plaintiff, and defendants appeal.—*Affirmed.*

*I. J. McDuffie, Sammis & Scott* and *Hutchinson & Plank* for appellant.

*William Milchrist* for appellee.

Given, J.—Plaintiff's motion to dismiss this appeal having been previously submitted and overruled, we proceed to examine the case on its merits. The following statement, made by plaintiff's counsel, is substantially correct, as shown by the pleadings and proofs: "The plaintiff was organized, under the laws of the state of Iowa providing for the incorporation of mutual building associations, in 1888. On October 5, 1891, the defendant G. W. Froelich became a member and stockholder of the plaintiff, and on said date agreed to borrow of the plaintiff twenty-two hundred dollars ($2,200), payable eight years after date, with interest at the rate of eight per cent. per annum, and agreed to pay as a premium therefor the sum of forty per cent. Monthly payments of thirty-four and eighty-three one-hundredth dollars, consisting of eleven dollars due on stock, fourteen dollars and sixty-seven cents interest, and nine dollars and seventeen cents premium, were to be made. Said Froelich gave his note, dated October 12, 1891, in accordance with the above agreement, and secured the same by twenty-two (22) shares of stock in the plaintiff association, twenty (20) shares being issued in favor of G. W. Froelich and two (2) shares in favor of K. E. Froelich; and also a mortgage upon lot No. eleven (11), in block No. one (1), in the town of Hawarden, Iowa. Default was made in the June payment, which matured on the thirtieth day of May, 1896, and on subsequent monthly payments as they matured. On the twelfth day of November, 1896, the plaintiff's action was brought to recover the amount remaining due, and fines incurred by reason of the nonpayment of said monthly pay-

ments, after deducting the withdrawal value of the twenty-two shares of stock, to have said stock canceled, and the mortgage upon said lot foreclosed." The defendants set up a number of matters in their answer as defenses, only two of which are insisted upon on this appeal, and these alone require consideration.

II. The defendants' counsel say: "The right of plaintiff to recover the amount of principal and interest due it upon its note and mortgage, computing interest at the rate of eight per cent. per annum, and deducting all payments made by the defendant G. W. Froelich, is not denied." Therefore it is simply the right to collect dues, fines, and premium, as provided for in the defendants' note and mortgage, that is in dispute. Defendants' counsel cite section 1185 of the Code of 1873, authorizing such corporations as the plaintiff "to levy, assess and collect from its members such sums of money by rates of stated dues, fines, interest on loans advanced, and premiums bid by members for the right of precedence in taking loan as the corporation by its by-laws shall adopt," and providing that the same shall not be construed to make the loans so taken usurious. Defendants contend that the burden is on the plaintiff to show that it had adopted a by-law which authorized it to collect more than the principal and legal interest, and that the proofs offered by the plaintiff were incompetent to show the adoption or provisions of any such by-law. It may be conceded, for the purposes of this case,—but without determining the question,—that, where the existence of such a by-law is in issue, the burden is on the plaintiff to show that such a by-law was adopted; but, in the view we take of this case, the defendants should not be heard to question the existence of such a law. In each of the several instruments executed evidencing this loan and the securities therefor the defendant G. W. Froelich obligated himself to pay monthly dues, fines, and premium, and in the answer the defendants do not deny the existence of

the by-laws as alleged in the petition, but allege that they are null and void, "in that they were made by persons not possessing any authority to make and adopt them, and were not made under authority of any statute of the state of Iowa, or under plaintiff's articles of incorporation." There is no evidence whatever to sustain these allegations as to said by-laws being null and void. We think, under this state of the pleadings, we may accept it as true that the by-laws relied upon by the plaintiff were adopted by it.

III. The defendants' further contention is that "the premium agreed to be paid in this case was not determined by competition, and the transaction is, therefore, usurious."

The testimony of every witness present at the time the money was loaned (there were several of them), except the defendant G. W. Froelich, shows that money was bid for by free, fair, and open competition, and such is the fair inference from the testimony of Mr. Froelich. In *Association v. Johnston*, 106 Iowa, 219, we said: "The burden is upon the appellant (the defendants) to establish the usurious character of the loan; that is to say, he must show that there was in fact no bidding for the right of precedence, and that what was done was a scheme to disguise the real transaction." The evidence in this case showing that there was competition is more satisfactory than in that. The facts in this case are quite different from those in *Wilcoxen v. Smith*, 107 Iowa, 556. Our conclusion is that the decree of the district court is correct, and it is AFFIRMED.

Granger, C. J., not sitting.